## THE PEOPLE *v.* JESÚS.

### APPPEAL from the District Court of Guayama.

No. 467.—Decided December 5, 1912.

CRIMINAL LAW—CRIME AGAINST PUBLIC SAFETY—COLLISION—ACTS OF NEGLIGENCE.—The evidence in the case at bar having been examined, it was held that the acts of negligence of the defendant had been proven, consisting in his being intoxicated and in driving on the left-hand side instead of on the right-hand side of the road when the collision in question took place.

ID.—DRIVERS OF VEHICLES—ALCOHOLIC DRINKS—NEGLIGENCE.—Although nothing is provided in the road law nor in the automobile regulations relative to the use of alcoholic drinks by drivers of vehicles, considering the effects of such drinks on the senses and on the mental and moral faculties of man, it may be concluded that a driver who drinks such liquors in excess is negligent in the faithful discharge of the duties of his position.

ID.—SPEED OF AUTOMOBILE—USE OF HORN ON AUTOMOBILE.—The speed at which an automobile is driven and the nonuse of the horn are circumstances which may be considered in cases of this nature.

ID.—DRIVING AUTOMOBILE ON PUBLIC ROADS.—Section 12 of Act No. 41 of March 10, 1910, requires drivers of vehicles meeting on public roads to approach and pass each other on their respective right-hand sides, and in the case at bar if the defendant had complied with this provision he would have· prevented the collision for which he is responsible.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE DEL TORO delivered the opinion of the Court.

The *fiscal* of the District Court of Guayama fi'ed an information against José de Jesús charging him with having allowed the automobile he was driving, through negligence and carelessness in managing it, to collide with a coach, thereby seriously injuring Francisco López, driver of the coach, and Rafael Aponte, Federico Alvarez, and Pedro Vi'lamil, passengers in the automobile.

The defendant pleaded not guilty and elected a trial by jury. The trial was held on October 18, 1911, the jury finding him guilty of committing the crime against the public hea'th and safety with which he was charged, with extenuating circumstances. On October 21 the court sentenced the defendant to two years' imprisonment in jail and from that judgment the present appeal was taken.

Section 328 of the Penal Code, as amended, relating to crimes against the public health and safety, provides among other particulars that every conductor having charge, wholly or in part, of any automobi'e which is used as a common carrier of freight or passengers who, through unskilfulness, negligence, or carelessness, suffers or causes the same to collide with any other object or thing, whereby the death or injury of a human being is produced, is punishable by imprisonment in jail for a maximum term of two years or in the penitentiary for not less than six months nor more than 10 years, according to the gravity of the case. (Acts of 1908, p. 92.)

Such is the statute governing this case.  Let us see whether or not it has been applied correctly.

The appellant did not appear at the hearing on the appeal and failed to file a brief in support of the same.  The basis upon which we have to rest our decision is found in the information, the instructions to the jury, and the evidence as set forth in a statement of the case prepared and certified to by the trial judge.

We have made a careful examination of these documents and in our judgment the information and the instructions are correct and the verdict of guilty is supported by the evidence.

As to the facts that the defendant was driving the automobile, that it collided with the coach, and that the driver of the coach and the passengers in the automobile were injured, the evidence introduced by the prosecution was not contradicted by that for the defense.

In regard to the negligent acts committed by the defendant we find that the evidence was contradictory and that said contradictions were settled by the jury against the appellant.

Said negligent acts consisted in the fact that the defendant was intoxicated, that he was driving his car at full speed, that he failed to sound the horn, and that he was on the left-hand side of the road when he collided with the coach, instead of on the right-hand side.

There is no provision in the road laws or in the regulations governing automobiles which has any reference to the use of alcoholic drinks by the conductors of vehicles.  But the effects of such drinks on the senses, on the mental faculties, and even on the moral faculties of persons are well known, and when a person whose duty it is to drive a machine on public highways, which duty requires the use of his senses and, to a certain extent, of his mental and moral faculties, indulges in such drinks to excess, thus voluntarily clouding his senses and disturbing his faculties, it may be concluded

that he neglected to perform the duties of his position faithfully. The evidence introduced by the *fiscal* in this case shows that the driver of the automobile was completely intoxicated.

The speed of the car and the nonemployment of the horn are facts which may be taken into consideration in cases of this nature. The evidence introduced by the *fiscal* in regard to the first fact shows only that the automobile traveled at a high rate of speed without determining whether such speed exceeded the limit fixed in the statute; and as to the second fact, it may be deduced from the evidence itself that the driver necessarily was not obliged to sound the horn continually because the collision did not occur on a curve or at a road crossing, but on a straight stretch of road.

As to the fact that the defendant did not keep to the right, the evidence introduced by the prosecution shows clearly that he traveled on the left and that the collision took place on that side of the road. Had the defendant complied with the statute (sec. 12, Act No. 41, 1910, p. 135) the collision would not have occurred and the damages caused would not have been occasioned.

Therefore, the defendant is responsible for such collision and for the injuries resulting therefrom through his negligence and carelessness in driving the machine confided to him, and the judgment so declaring does not violate the statute and should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.